UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 07-04-DLB-JGW

UNITED STATES OF AMERICA                                                        PLAINTIFF

VS.

EVERETT ALLEN MAINS                                                             DEFENDANT

REPORT AND RECOMMENDATION

On March 13, 2012 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, EVERETT ALLEN MAINS, show cause why his supervised release should not be revoked. The defendant was present in Court and represented by Steve Howe and the United States was present through Assistant United States Attorney Laura Voorhees. The proceedings were recorded by official court reporter Lisa Wiesman and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of his supervised release as set out in the March 2, 2012 violation report of U.S.P.O. Stacey Suter.

After pleading guilty to one count of Conspiracy to Use Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(2) & (b)(2) and 18 U.S.C. § 371, and one count of Aiding and Abetting in Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) & (b)(1) and 18 U.S.C. § 2, defendant was sentenced on August 3, 2007 to twenty-five months imprisonment to be followed by a three year term of supervised release.  Conditions attached to that release included drug testing, substance abuse treatment, abstain from use of alcohol, search conditions, financial

1

conditions/restrictions, restitution in the sum of $42,992.71, and a $200.00 special assessment fee.

Defendant began his first term of supervised release on June 18, 2009 and on July 28, 2009 a supervised release violation was filed indicating that Mains had submitted a urine screen on July 12, 2009 which tested positive for marijuana. As a result of that violation, defendant's conditions were modified to include attendance at a weekly AA/NA meeting, increase in urine collection rate, and completion of 40 hours of community service.

On October 22, 2009 another violation report was filed indicating that defendant admitted to his probation officer that he had used marijuana about two weeks prior to October 22, 2009 and also admitted to attempting to adulterate the urine test to mask drug usage. An addendum was added to this violation report notifying the Court that defendant had failed to report as directed on several occasions. Mains' supervised release was revoked and he was sentenced to 13 months imprisonment to be followed by 23 months supervised release, with all special conditions which were imposed in the original judgment being reinstated.

Mains began his new term of supervised release on November 23, 2010, however, another violation report was filed on January 28, 2011 notifying the Court that Mains had been arrested and charged with Alcohol Intoxication in a Public Place in January, 2011 by Florence, Kentucky police department. Mains admitted to being intoxicated and agreed to have his conditions of release modified to include four months in a half-way house. He now stands charged with the following violations:

**VIOLATION #1: THE DEFENDANT FAILED TO REPORT AS DIRECTED.**

U.S.P.O. Suter conducted a home visit on February 23, 2012 at the residence of Bob Mains, defendant's last reported address. Bob Mains advised that his son had not been at the residence for

more than a week and had been staying with his girlfriend who had just been released from jail. Mains was asked to direct his son to report to the U.S. Probation Office the following day for a urine screen but Mr. Mains replied that he did not have his son's phone number despite their daily contact. Later that same day, U.S.P.O. Suter contacted defendant's voicemail instructing him to report to the office on February 24, 2012 for a urine screen, but defendant failed to appear.

Yet another message was left on February 24, 2012 on the defendant's voicemail instructing him to report for a urine screen, but he failed to do so. At the end of that same day, a letter was sent to defendant's residence again ordering him to report to the probation office on February 27, 2012 which he failed to do. On February 28, 2012 another message was left on defendant's voicemail with the same instruction but also with the same result.

**VIOLATION #2: THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN CRIMINAL ACTIVITY AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED OF A FELONY, UNLESS GRANTED PERMISSION TO DO SO.**

A search of the Kenton County Detention Center's website on February 29, 2012 indicated that Brianna Ballard was arrested on a probation violation on November 23, 2011 and released from the detention center on January 18, 2012. On that same date U.S.P.O. Suter spoke with Tosha Finn, Ballard's parole officer, who advised that there was an active warrant for Ballard for her failure to report. She further advised that defendant Mains was in the company of Ballard at the time of her arrest by the Kentucky probation/parole office on November 23, 2011. Defendant was found to be in possession of spice and rolling papers when patted down by the state authorities. A urine screen taken later that same date from defendant was negative.

**VIOLATION #3: THE DEFENDANT WAS ORDERED TO PAY $42,992.71 IN RESTITUTION AND A $200.00 SPECIAL ASSESSMENT FEE.**

3

A review of the Offender Payment Enhanced Report Access website reflects that Mr. Mains owes an outstanding balance of $50.00 towards his special assessment obligation and has paid nothing towards the restitution which was ordered in this matter, although he was placed back on supervised release on November 23, 2010. According to information, U.S.P.O. D'Alessandro directed the offender to begin making payments in the amount of $25.00 per month towards his financial obligations on November 29, 2010, and once again no payments have been made to date.

**VIOLATION #4: THE DEFENDANT WAS ORDERED TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AT THE DIRECTION AND DISCRETION OF THE PROBATION OFFICER.**

Defendant's treatment regimen was increased to four sessions/month in November, 2011. During a home visit on December 29, 2011, U.S.P.O. D'Alessandro reminded defendant of the seriousness of the counseling sessions as well as maintaining his appointments. Although defendant agreed to make a better effort to attend his sessions, records indicate that he failed to show for three sessions in November, 2011, two sessions in December, 2011, and cancelled one session, failed to show for one session in January, 2012, and has missed at least two sessions in February, 2012. Records also indicate that he failed to show or cancel his appointment on February 28, 2012.

The parties have reached an agreement as to the appropriate punishment for the above infractions, and the Court being satisfied from dialogue with the defendant that he understands the nature of the violations now pending, has had ample opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of his supervised release as set out above, and that his supervised release be REVOKED;

2. That the defendant, EVERETT ALLEN MAINS, be sentenced to the custody of the Attorney General for a period of **THIRTEEN (13) MONTHS** with no supervised release to follow;

3. That the defendant pay restitution in the amount of $42,992.71 as well as a $200.00 special assessment fee, upon which there is an outstanding balance of $50.00 at this time.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within fourteen (14) days.** A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 14th day of March, 2012..

Signed By:
J. Gregory Wehrman
United States Magistrate Judge

5